## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **SHUIYING WANG,** *Plaintiff,* v. **JOHN DOE and 016.com, 100700.com, 160365.com, 2020.cc, 2260.com, 365r.com, 391.com, 4440.com, 4440.net, 551.com, 5528.com, 5674.com, 5796.com, 6020.com, 6218.com, 6653.com, 739.com, 7753.com, 8194.com, 860.com, 860.net, 8817.com, 8847.com, 8894.com, 89948.com, 9085.com, 9786.com, 9975.com, blcp.com, and vip860.com,** *Defendants.* | Case No. _____ ORIGINAL COMPLAINT DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT

This *in rem* action is made pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), in which Plaintiff Shuiying Wang ("Plaintiff") makes the following allegations against Defendant John Doe ("Defendant JD") and the subject domain names 016.com, 100700.com, 160365.com, 2020.cc, 2260.com, 365r.com, 391.com, 4440.com, 4440.net, 551.com, 5528.com, 5674.com, 5796.com, 6020.com, 6218.com, 6653.com, 739.com, 7753.com, 8194.com, 860.com, 860.net, 8817.com, 8847.com, 8894.com, 89948.com, 9085.com, 9786.com, 9975.com, blcp.com, and vip860.com (the "Domain Names").

## PARTIES

1. Plaintiff Shuiying Wang is a citizen of the People's Republic of China and resides therein.

2. The subject Domain Names—*i.e.*, the *res* of this *in rem* action—are internet domain names rightfully owned by Plaintiff. The Domain Names and their registry, Verisign, Inc., are all located within this judicial district. Verisign, Inc.'s primary place of business is 12061 Bluemont Way, Reston, VA 20190.

3. Defendant JD is a person of unknown identity who gained unauthorized access to Plaintiff's password protected domain name registrant account and, without consent or authority, fraudulently transferred control of the Domain Names to himself.

## JURISDICTION AND VENUE

4. This Court has *in rem* jurisdiction over the Domain Names pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), insofar as the registry for the Domain Names, VeriSign, Inc., is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190.

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

6. Venue is proper in this judicial district pursuant to 15 U.S.C § 1125(d)(2)(C) as the domain name registry, Verisign, Inc., is located within this judicial district. Therefore, the Domain Names have their situs in this judicial district. Likewise, venue is further proper pursuant to 28 U.S.C. § 1391(b)(2), as the properties that are the subject of this action, the subject Domain Names, are therefore situated in this judicial district.

7. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of Plaintiff in this matter.

## NOTICE

8.      Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive relief will be sent to Defendant JD as the current registrant of the Domain Names at the postal and e-mail address provided by the registrant to the registrar which can be found at https://www.whois.com/, *e.g.*, https://www.godaddy.com/whois/results.aspx?domain=100700.com[1], Domains By Proxy, LLC, 2155 E Warner Rd, Tempe, AZ 85284.

9.      Plaintiff is providing notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action, as the Court may direct after filing of this Complaint.

10.     Pursuant to 15 U.S.C. § 1125(d)(2)(B), the sending and publishing of a notice of the violation and of the action shall constitute service of process. Furthermore, a request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

## FACTUAL BACKGROUND

11.     Plaintiff Wang is the rightful owner of the subject Domain Names.

12.     Plaintiff Wang is the rightful registrant of the Domain Names at GoDaddy Operating Company, LLC ("GoDaddy"), a popular domain name registrar that owns and operates GoDaddy.com. Declaration of Shuiying Wang at ¶ 4, attached hereto as Exhibit A.

13.     Plaintiff's GoDaddy registrant account is associated with the e-mail address vsv999888@gmail.com and Customer No. 110200447.

14.     The Domain Name was used in commerce in conjunction with online services by Plaintiff as early as February 2016. Ex. A at ¶ 5. The Domain Names together have generated

---

[1] Due to recent changes to privacy laws, the email address of the Registered Name Holder for domains cannot be shared. The Domain Holder Contact Request Form will be used to initiate emails to the address on file for the Domain Names.

$1,680 in revenue and 16,800 unique visits on average each day since their first operations. *Id*. at ¶ 6.

15. Plaintiff owned and used the Domain Names in commerce until the Domain Name was unlawfully transferred without consent out of Plaintiff's GoDaddy registrant account by Defendant JD, into another registrant account with GoDaddy.com. This illegal transfer occurred sometime around November of 2021. Ex. A at ¶ 7.

16. Plaintiff did not learn of the hacking until March 2022, and shortly thereafter reported it to GoDaddy. However, Plaintiff could not regain control of my GoDaddy account, and the issue remains unresolved. Ex. A at ¶ 8.

17. Upon information and belief, Defendant JD hacked into Plaintiff's GoDaddy.com registrant account and illegally transferred the Domain Name to Defendant JD's GoDaddy registrant account. Plaintiff did not consent to or authorize these transfers.

18. Currently, the Domain Names are still under the unauthorized control of Defendant JD and are being maintained at GoDaddy. The Extensible Provisioning Protocol (EPP) domain status codes of the Domain Names are currently "clientTransferProhibited" meaning that it is not possible to transfer the domain name registrations without first contacting the registrar and requesting that they remove the status code. *See* https://www.icann.org/resources/pages/epp-status-codes-2014-06-16-en#clientTransferProhibited.

19. Defendant JD is now using privacy protection to hide his personal information and conceal his registrant account information at GoDaddy for the Domain Names. Specifically, Defendant JD used a third-party registrant service, Domains By Proxy, LLC, to conceal his identity.

20.     Plaintiff has retained this law firm to retrieve the Domain Names and take legal action against those responsible for the illegal transfer.

## COUNT I - CLAIM FOR DECLARATORY JUDGMENT

21.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

22.     An actual and justiciable controversy exists between Plaintiff and Defendant JD as to whether Plaintiff is the rightful owner of the Domain Name.

23.     Plaintiff had a contract with GoDaddy for control over the Domain Names.

24.     Defendant JD's express actions to wrongfully hack into Plaintiff's GoDaddy account and illegally transfer the Domain Names to another GoDaddy registrant account, without the authorization of Plaintiff, places the Domain Names solely under Defendant JD's dominion and control to the exclusion of Plaintiff. Such action was an unauthorized transfer resulting from hijacking and fraud on the part of Defendant JD.

25.     The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, provides for the declaration of the rights of the Plaintiffs in this matter.

## COUNT II - ANTICYBERSQUATTING CONSUMER PROTECTION ACT
## 15 U.S.C. § 1125(d)

26.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

27.     Plaintiff is the common law owners of the marks 016.com, 100700.com, 160365.com, 2020.cc, 2260.com, 365r.com, 391.com, 4440.com, 4440.net, 551.com, 5528.com, 5674.com, 5796.com, 6020.com, 6218.com, 6653.com, 739.com, 7753.com, 8194.com, 860.com, 860.net, 8817.com, 8847.com, 8894.com, 89948.com, 9085.com, 9786.com, 9975.com, blcp.com, and vip860.com (the "Marks"), which is protected under 15 U.S.C. § 1125(a) and (d).

28. Plaintiff owned and used the Marks and Domain Names in commerce since their registrations, until the Domain Names were unlawfully transferred to Defendant JD's control without Plaintiff's consent.

29. The Domain Names are identical to and/or confusingly similar to the Marks owned by Plaintiff.

30. Defendant JD has fraudulently transferred the Domain Names to another GoDaddy registrant account with bad faith intent to profit from the Domain Names and Marks.

31. Defendant JD is using the transferred Domain Names with the intent to profit off the Marks by posting links for the purpose of redirecting traffic to multiple website auction sites.

32. Defendant JD acted in bad faith by intending to divert consumers from the Marks owner's online location to a website accessible under the Domain Names that could harm the goodwill represented by the Marks, creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

33. As a direct result of Defendant JD's fraudulent actions, Plaintiff is being prevented from using and exercising control over the Domain Names and Marks.

34. Furthermore, Plaintiff is being harmed by not having access to the Domain Names and Marks.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants, as follows:

A. Declaring that Plaintiff is the only entity with any rights to the contract controlling the subject Domain Names;

B. Declaring that Defendant JD does not have any rights to the subject Domain Names;

C. ORDERING Verisign, GoDaddy, and/or Domains By Proxy, LLC to transfer the Domain Names to Plaintiff's registrant account as instructed by Plaintiff's counsel; and

D. Granting such other and further relief to Plaintiff as this Court deems just and proper in accordance with 15 U.S.C. § 1125(d)(2)(D).

DATED: June 7, 2022        Respectfully submitted,

By: */s/ Steven War*
Steven War (VSB # 45048)
**War IP Law PLLC**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015
Tel: (202) 800-3751
Fax: (202) 318-1490
steve@wariplaw.com

By: */s/ Timothy T. Wang*
Timothy T. Wang (*pro hac vice to be filed*)
Texas Bar No. 24067927
twang@nilawfirm.com
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*ATTORNEYS FOR PLAINTIFF*