IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SHUIYING WANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-651 CMH/IDD |
| | ) |
| JOHN DOE *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Domain Names 739.com and 860.com's Motion to Set Aside Default Judgement ("Motion"). In that regard, JC Team Partnership ("JCT") represents in its Motion that it previously purchased and was the registrant for Defendant Domain Names 739.com and 860.com. Dkt. Nos. 19, 20. This Court previously entered Default Judgment against all Defendants in this action, which included thirty (30) domain names ("Defendant Domain Names") and John Doe (collectively, "Defendants"). Dkt. Nos. 17, 18. JCT presently asks the Court to set aside the default judgment as to Domain Names 739.com and 860.com (collectively, "JCT Domain Names"), pursuant to Federal Rule of Civil Procedure 60(b). Dkt. No. 17.

The undersigned held a hearing on the Motion on April 26, 2024, at which counsel for Plaintiff and JCT were present. Upon consideration of the Motion, the Memorandum in Support, the Opposition to the Motion, and the relevant portions of the underlying record, the undersigned Magistrate Judge makes the following findings and recommends that JCT's Motion on behalf of

1

Defendant Domain Names 739.com and 860.com be **GRANTED,** and that the default judgment as to Domain Names 739.com and 860.com be set aside.

## I.    INTRODUCTION

On June 7, 2022, Plaintiff filed his complaint for *in rem* relief against all Defendants. Dkt. No. 1. Plaintiff brought claims for: (1) Declaratory Judgment, 28 U.S.C. § 2201 et seq.; (2) and violation of the Federal Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Compl. ¶ 1. Specifically, Plaintiff filed the lawsuit seeking transfer of the Defendant Domain Names. Dkt. No. 12.

After Defendants' failure to respond to the Complaint, Plaintiff filed a Request for Clerk's Entry of Default on September 15, 2022. Dkt. No. 9. On September 21, 2022, the Clerk entered default against all Defendants. Dkt. No. 11. On October 3, 2022, Plaintiff filed its Motion for Default Judgment. Dkt. No. 12. The Court held a hearing on the Motion for Default Judgment on December 16, 2022. Dkt. No. 16. After the JCT Domain Names failed to attend the hearing on December 16, 2022, the undersigned took the matter under advisement and issued a Report and Recommendation on September 19, 2023, which recommended granting the Motion for Default Judgment as to all Defendants. Dkt. No. 17. On October 30, 2023, the Honorable United States District Judge Claude M. Hilton adopted the Report and Recommendation and entered default judgment in favor of Plaintiff and against each of the Defendants on Count II of the Complaint. Dkt. No. 18. Accordingly, Judge Hilton ordered the Defendant Domain Names be transferred to Plaintiff's GoDaddy.com account. Dkt. No. 18.

On March 26, 2024, JCT and the JCT Domain Names filed their Motion to Set Aside Default Judgment and the accompanying Memorandum of Law in Support of its Motion to Set Aside Entry of Default Pursuant to Rule 60(b) ("Memorandum in Support"). Dkt. Nos. 19, 20. The

JCT Domain Names seek to have default judgment set aside pursuant to Federal Rule of Civil Procedure 60(b)(1), 60(b)(4), and 60(b)(6). Dkt. No. 19. Plaintiff filed its Response in Opposition to Motion to Set Aside Entry of Default ("Plaintiff's Opposition") on April 8, 2024. Dkt. No. 23. The undersigned held a hearing on the matter on April 26, 2024, and took this matter under advisement to issue this Report and Recommendation.

## II. APPLICABLE LAW

The Fourth Circuit employs a two-stage approach to Rule 60(b) motions. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264-65 (4th Cir. 1993). First, the movant must meet each of three threshold conditions: (1) that the motion is timely, (2) that the movant has a meritorious defense to the action, and (3) that the opposing party would not be unfairly prejudiced by having the judgment set aside. *Id.* Once the movant meets each of the threshold conditions, the movant must demonstrate that it satisfies one of the six enumerated grounds for relief under Rule 60(b). *Id.*

In cases involving default judgments, the Fourth Circuit takes a liberal view of Rule 60(b). *Id.* The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc., v. Hoover Universal*, 616 F.3d 413, 471 (4th Cir. 2010).

## III. FACTUAL FINDINGS AND ANALYSIS

### A. Threshold Conditions

Pursuant to the two-stage approach applicable to Rule 60(b) motions, the undersigned first finds that the JCT Domain Names have met each of the three threshold conditions.

First, the undersigned finds that the Motion is timely under the circumstances. JCT claims to have acquired the 739.com and 860.com Domain Names as investment properties in October

2013 and February 2021, respectively. Mem. in Supp. at 2. JCT represents that they own a significant number of domain names for investment purposes, and that practically, such domain names do not require regular attention. *Id.* at 4. Accordingly, JCT did not learn of the judgment in this matter, or that the JCT Domain Names had been transferred to Plaintiff, until February 2024. *Id.* at 3. Upon learning of the default judgment, JCT retained counsel. *Id.* JCT's counsel attempted to contact Plaintiff to seek resolution, but when Plaintiff did not respond, JCT and the JCT Domain Names filed the instant Motion. *Id.* Because the Motion was filed approximately one month after JCT's discovery of the default judgment, the undersigned finds the Motion timely.[1]

Second, the undersigned finds that the movant has sufficiently proffered meritorious defenses. In the present Motion, the JCT Domain Names assert the following defenses to Plaintiff's claims: (1) that the Court lacks subject matter jurisdiction and (2) that the Complaint fails to sufficiently allege the use of the JCT Domain Names in commerce, as required to seek relief under the ACPA. Mot. to Set Aside; Mem. in Supp. at 5. In Plaintiff's Opposition, Plaintiff identifies perceived deficiencies with the proffered defenses, Pl.'s Opp'n at 4-5, but at this stage, the movant is not required to prove that their defenses ultimately will be successful. Rather, the movant must demonstrate that "there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). Because the undersigned finds that JCT has met this burden, the undersigned finds the second threshold condition to be met.

Third, and finally, the undersigned does not find that the nonmoving party, Plaintiff, would be unfairly prejudiced by having the default judgment set aside. The Fourth Circuit has explained

---

[1] *See* Bd. of Trs. v. J. Strober & Sons Roofing, LLC, No. 1:21-cv-1405, 2023 U.S. Dist. LEXIS 147875 at *7 (E.D. Va. Aug. 22, 2023) (finding a Rule 60(b) motion timely when filed approximately three months after receiving notice of default judgment).

that the issue of unfair prejudice is one of prejudice to the adversary, such as whether the delay impaired the nonmovant's ability to present some of its evidence, proceed to trial, or complete discovery. *Colleton*, 616 F.3d at 418-19; *Burton v. TJX Cos.*, No. 3:07-cv-760, 2008 U.S. Dist. LEXIS 35839, at *10-11 (E.D. Va. May 1, 2008). The mere existence of delay, additional legal costs, and requiring the nonmovant to prove his case on the merits are insufficient, alone, to create unfair prejudice. *Colleton*, 616 F.3d at 418-19.

Plaintiff cites to *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295 (4th Cir. 2017), for the proposition that setting aside default judgment would create significant unfair prejudice because Plaintiff previously paid fair value for the JCT Domain Names, which have now been transferred to Plaintiff's possession, pursuant to the October 30, 2023 Order of Default Judgment. Pl.'s Opp'n at 5-6; *see* Dkt. No. 18. In the *Wells Fargo* case, Wells Fargo appealed the denial of a motion to set aside a bankruptcy court order, which cancelled Wells Fargo's deed of trust on a unit of real property. *Wells Fargo*, 859 F.3d at 297. In the intervening two years before Wells Fargo moved to set aside the order, the property was sold in foreclosure proceedings to a bona fide purchaser that was not previously involved in the case. *Id.* The Fourth Circuit concurred with the lower courts that setting aside the order would create unfair prejudice to the third-party bona fide purchaser. *Id.* at 301.

In his Complaint, Plaintiff claims to be the rightful owner of the JCT Domain Names, which he claims were subsequently transferred without his authorization. Compl. ¶¶ 12, 15-18. As relief, Plaintiff sought the transfer of the JCT Domain Names to his possession. *Id.* at 6-7. JCT, presently, seeks to have the order which effected that transfer set aside. Mot. to Set Aside. The circumstances of the third-party bona fide purchaser in *Wells Fargo* and Plaintiff, whose asserted property is the focus of the present dispute, do not impose the same degree of unfair prejudice. *See*

*Wells Fargo*, 859 F.3d at 297. As described above, there is no unfair prejudice in requiring Plaintiff to prove his claims and his entitlement to relief on the merits, including whether he is entitled to the transfer of the JCT Domain Names. *See Colleton*, 616 F.3d at 418-19. If this matter proceeds to trial, and the trier of fact finds for the Plaintiff, he will still own the JCT Domain Names and, therefore, suffer no undue prejudice. If, however, the trier of fact finds in favor of the JCT Domain Names, then said Domain Names will be transferred to their legal and rightful owner. Under those circumstances, the Plaintiff also would not suffer undue prejudice. Accordingly, the undersigned does not find any unfair prejudice would be imposed upon Plaintiff should the default judgment be set aside.

### B. Rule 60(b) Grounds for Relief

The JCT Domain Names assert that default judgment should be set aside pursuant to the following enumerated grounds for relief under Rule 60(b): "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief." Mot. to Set Aside; Fed. R. Civ. P. 60(b). To obtain relief based upon excusable neglect, pursuant to Rule 60(b)(1), the movant "must demonstrate *inter alia* that he was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment." *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992). As described above, the undersigned does not find unfair prejudice would be imposed upon Plaintiff by setting aside default judgment.

JCT asserts that the excusable neglect in the present matter is the reasonableness of JCT not regularly supervising its investment property domain names under the circumstances, such that it was not aware that Plaintiff was asserting ownership of the JCT Domain Names. Mem. in Supp. at 7. JCT argues that this neglect was excusable because the JCT Domain Names, generally, do not require regular attention. *Id.* Further, JCT asserts that the timing of its discovery of the transfer

of the JCT Domain Names was reasonable, particularly because the discovery occurred in a shorter amount of time than Plaintiff alleges it took him to notice the unauthorized transfer of his Domain Names and to take action, including by filing the Complaint. *Id.*; Compl. ¶¶ 15-16. Plaintiff claims JCT did not provide any support for its claim that discovering the loss of domain names is difficult to track for parties, however, Plaintiff's own timeline provides support for JCT's claim. Pl.'s Opp'n at 6; *see* Compl. ¶¶ 15-16. Plaintiff also argues that JCT and the JCT Domain Names are at fault because service was proper and "Defendant purposefully hid its identity when it illegally transferred the website domains from Plaintiff." Pl.'s Opp'n at 6-7. First, the Court is unable to conclude at this stage that JCT transferred the website domains from Plaintiff. Second, though service was proper under the statutory framework for service by publication, the reality of the situation is that JCT was not aware of the service or the lawsuit as a whole. Accordingly, the undersigned finds that JCT and the JCT Domain Names have sufficiently demonstrated excusable neglect. The undersigned, therefore, recommends that default judgment be set aside pursuant to Rule 60(b)(1).

Because the undersigned recommends finding that default judgment should be set aside for excusable neglect, pursuant to Rule 60(b)(1), the undersigned declines to address the additional enumerated grounds which the JCT Domain Names assert under Rule 60(b).

## IV. RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends granting Defendant JC Team's Motion to Set Aside Default Judgment and vacating the October 30, 2023 Default Judgment Order as to the Defendant Domain Names 739.com and 860.com, pursuant to Federal Rule of Civil Procedure 60(b)(1). The undersigned further recommends that JCT be

allowed 21 days from the Court's set aside of its October 30, 2023 Order to respond to the Complaint.

## V. NOTICE

**By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendants at their address for service of process, the parties are notified as follows**. **Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

                                                                             /s/ Ivan D. Davis
                                                                             Ivan D. Davis
                                                                             United States Magistrate Judge

May 30, 2024
Alexandria